IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL M. ROE, )
 )
         Plaintiff, )
 )
v. ) Case No. 07-2020-JWL
 )
SPRINT/UNITED MANAGEMENT )
COMPANY, )
 )
         Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion by defendant Sprint/United Management Company ("Sprint")[1] to dismiss Count I and Count II of plaintiff's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 26). For the reasons set forth below, the motion is granted in part and denied in part.

In his second amended complaint, plaintiff Michael Roe asserts claims against Sprint for age discrimination and retaliation under the federal Age Discrimination in Employment Act (ADEA) and for overtime pay and retaliation under the federal Fair

---

[1] On April 6, 2007, the parties stipulated to the dismissal without prejudice of separate defendant Sprint Nextel Corporation ("Sprint Nextel"), who had been named as a defendant in plaintiff's original and first amended complaints. *See* Stipulation (Doc. # 4). When plaintiff filed his second amended complaint (without leave of the Court) on August 3, 2007, he again included Sprint Nextel as a defendant. In light of the stipulation of dismissal, the Court does not consider Sprint Nextel to be a proper party to this action at this time. If plaintiff believes that Sprint Nextel should be a separate defendant in this action, he should take steps to add that party formally.

Labor Standards Act (FLSA). Sprint has moved to dismiss Counts I and II, in which plaintiffs asserts his ADEA claims, on the basis that plaintiff has improperly asserted pattern-and-practice claims. Despite having sought and received three extensions of time, plaintiff has failed to file a response to the motion.

Sprint is correct that an individual plaintiff, who has not filed a collective or class action, may not bring a separate claim for pattern-and-practice discrimination, although pattern-and-practice evidence may support an individual claim of discrimination. *See DeWalt v. Meredith Corp.*, 484 F. Supp. 2d 1188, 1197 (D. Kan. 2007) (citing cases). The Court does not agree, however, that plaintiff has asserted only pattern-and-practice claims in Counts I and II. In those two counts, plaintiff makes reference to "a pattern and practice of discrimination" and seeks to enjoin "similar acts of discrimination . . . against employees and others." Nonetheless, plaintiff has undoubtedly alleged various acts of individual discrimination in Counts I and II.

Accordingly, the Court grants the motion in part and dismisses any separate claim for pattern-and-practice discrimination that plaintiff may have attempted to assert under the ADEA. The Court does not dismiss Counts I and II in their entirety, however, and the motion is denied with respect to any individual claims of discrimination asserted in those counts.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss Count I and Count II of the second amended complaint (Doc. # 26) is granted

in part and denied in part. The motion is granted to the extent that plaintiff has attempted to assert separate pattern-and-practice claims of discrimination in those counts, and any such claims are dismissed. The motion is denied to the extent that those counts assert individual claims of discrimination.

      IT IS SO ORDERED.

      Dated this 24th day of October, 2007, in Kansas City, Kansas.

                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge